UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SISER NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIRK ANTON, *et al.*,<br><br>Defendants. | Case No. 26-10602<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANTS' MOTION TO COMPEL (ECF NOS. 39, 43)**

Plaintiff Siser North America, Inc. (Siser) moves to compel Defendants Kirk Anton and Heat Transfer Warehouse, Inc. (Heat Transfer) to produce documents responsive to its several requests for production. ECF No. 39. Defendants move to compel Siser to do the same. ECF No. 43. The Honorable F. Kay Behm referred this case for discovery matters under 28 U.S.C. § 636(b). ECF No. 21. The Court held a hearing on the motions on October 28, 2026. ECF No. 49.

For the reasons stated on the record, the Court:

- **GRANTS** Siser's motion to compel with respect to Requests for Production of Documents (RFP) Nos. 2, 12, and 28, but **DENIES** the

motion to compel documents responsive to the RFPs about the sale, transfer, liquidation, or disposition of Heat Transfer's inventory because those requests are disproportionate to the needs of the case. ECF No. 39. Defendants said during the hearing that they believed that they had produced all documents responsive to RFP Nos. 2, 12, and 28. But they must supplement their discovery production with any additional documents within their custody or control that are responsive to RFP Nos. 2, 12, and 28; they must clarify whether any responsive documents have been withheld because of an objection; and they must sign a supplemental answer to their answer to the RFPs to certify that they have complied with Federal Rule of Civil Procedure 26(g). The supplement must also include defendants' assertion, made during the hearing, that Brightpearl possesses no documents that Heat Transfer has not already produced and that are responsive to RFP Nos. 2, 12, and 28.

- **DENIES** defendants' motion to compel, ECF No. 43, as they waived their argument that discovery about Sister's similarly situated delinquent customers is relevant to the claims or defenses or proportional to the needs of the case. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a

perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.”). But if Siser has not already done so, it must serve Heat Transfer with a signed answer to its answers to discovery as required under Rule 26(g).

The supplementation required here is due by November 12, 2026.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 28, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **“When an objection is filed to a magistrate judge’s ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.”** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager