UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SISER NORTH AMERICA, INC.,

Plaintiff,

v.

KIRK ANTON and HEAT TRANSFER WAREHOUSE, INC.,

Defendants.
_____________________________/

Case No. 26-cv-10602

F. Kay Behm
United States District Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S OCTOBER 28, 2026 ORDER (ECF No. 55)**

## I. PROCEDURAL HISTORY

Plaintiff Siser North America, Inc. filed this action in state court against Defendants Kirk Anton and Heat Transfer Warehouse, Inc. alleging various claims arising out of Defendants' failure to pay for products that it received from Siser. (ECF No. 1-1). On February 20, 2026, Defendants removed the case to this Court. (ECF No. 1). The matter was referred to Magistrate Judge Stafford for discovery. (ECF No. 21). On October 28, 2026, Judge Stafford held a hearing on the parties' motions to compel, in which each sought to compel the other party to produce documents responsive to various

Requests for Production. (ECF No. 51). She granted Plaintiff's motion in part but denied Plaintiff's request to compel production of documents concerning the sale, transfer, liquidation, or other disposition of Heat Transfer's inventory, finding the request to be disproportionate to the needs of the case. (*Id.*). On November 16, 2026, Plaintiff filed objections to that finding, asking the Court to set aside that portion of Judge Stafford's order.[1] (ECF No. 55). For the reasons set forth below, Plaintiff's objections are **OVERRULED**.

## II. LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

[1] Although the Order is dated October 28, 2026, it was entered on November 2, 2026, and the Court will therefore consider Plaintiff's objections as timely.

committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

Plaintiff objects to the portion of Judge Stafford's order that denied its request to compel documents responsive to Requests for Production Nos. 8, 13, 14, 22, 29, and 30, as follows:

> 8. Produce all documents reflecting the sale, transfer, or disposal of Siser products from January 1, 2024 to present;
>
> 13. Produce all documents relating to any sale or liquidation of inventory January 1, 2024 to present;

14. Produce all documents relating to liquidation, winding down, or closure of Heat Transfer Warehouse, Inc.;

22. Produce all bank statements and records showing receipt and disposition of proceeds from Siser product sales January 1, 2022 to the present;

29. Produce all documents sufficient to identify all proceeds generated from the sale of Siser products from January 1, 2024 to present, and all documents reflecting how those proceeds were used, including bank statements, deposit records, general ledgers, accounting records, and documents reflecting expenditures or transfers of such proceeds; and

30. Produce all documents sufficient to identify and reflect each shipment of Siser-supplied inventory received from January 1, 2024 to present, including documents showing:

(a) receipt date;
(b) quantity;
(c) SKU or product description;
(d) storage location;
(e) disposition (including sale, transfer, or other);
(f) disposition date; and
(g) the person(s) authorizing disposition, including inventory records, purchase orders, receiving logs, warehouse records, invoices, and disposition or sales records.

(ECF No. 55, PageID.1769). Plaintiff says that these documents are relevant because it seeks to determine what Defendants did with the product that Plaintiff supplied and what Defendants did with the money generated from that product, both of which directly bear on whether Defendants truthfully

represented Heat Transfer's operations and use of available cash. (*Id.*, PageID.1770). Plaintiff says this information bears directly on its remaining claims of misrepresentation because Plaintiff alleges that Defendants induced it to continue extending credit by misrepresenting Heat Transfer's operations, and that the discovery "may provide additional evidence relevant to the amount disputed under Siser's account stated claim." (ECF No. 55, PageID.1774).

The scope of discovery permits a party to obtain any non-privileged matter that is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order." *Id.* Whether to do so is within the sound discretion of the Court, and a magistrate judge deciding a discovery dispute is entitled to the same broad discretion. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion." (citation omitted)).

Although Plaintiff argues that the requested records would allow it to "test whether Defendants were actually doing what Anton told Siser they were doing," (ECF No. 55, PageID.1772), it was entirely within Judge Stafford's discretion to conclude that the requested production was disproportionate to the needs of the case. Plaintiffs have not provided any authority, or even set forth any argument, that this finding was *contrary to law*, as required for this Court to overturn Judge Stafford's decision. Plaintiff's closest argument is that the challenged portion of the Order improperly limits the scope of discovery, but it sets forth no basis for the Court to conclude so. Ultimately, because it was within Judge Stafford's discretion to deny the requested discovery on the basis that it was disproportionate, Plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections to the Magistrate Judge's October 28, 2026 Order (ECF No. 55) are **OVERRULED.**

**SO ORDERED.**

Date: November 24, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge